**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ARMANDO ESPINOZA GOMEZ,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12563–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Armando Espinoza Gomez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (ECF No. 1–3 p. 1.) He lawfully entered the United States on or about November 1, 2015 on a visitor visa. (*Id.*) The visa expired March 31, 2016. (*Id.*)

2. Immigration and Customs Enforcement (ICE) arrested and detained petitioner on August 24, 2026. (ECF No. 1 ¶ 17.)

3. A Notice to Appear and arrest warrant were issued that same day. (ECF No. 1–3; ECF No. 1–4.)

4. ICE made an initial custody determination at 6:15 p.m. concluding that petitioner would be detained pursuant to 8 U.S.C. § 1226. (ECF No. 1–5.) Petitioner refused to sign and did not request review by an immigration judge. (*Id.*)

5. The Petition followed on September 23, 2026. (ECF No. 1.)

6. Petitioner challenges his detention and arrest, arguing that he was arrested and detained without a warrant. (*Id.* ¶¶ 53, 57, 62.) He asserts his arrest violates the Fourth Amendment. (*Id.* ¶¶ 65 66, 67.)

7. Respondents filed a letter stating that petitioner was given the opportunity to have an immigration judge review the initial custody determination but withdrew his request on September 25, 2026. (ECF No. 4–1 pp. 1, 2.) They submitted a supplemental answer on petitioner's warrantless arrest claims at my request. (*See generally* ECF No. 7.)

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. "The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody." *Cocha Cocha v. Tsoukaris*, No. 26–cv–09857, 2026 WL 2806733, *2 (D.N.J. Sept. 18, 2026).

10. A warrant was issued for petitioner's arrest on August 24, 2026. (ECF No. 1–3; ECF No. 1–4.) It is unclear whether it was issued prior to his arrest, but that is irrelevant now because "[f]ollowing the signing of the warrant for arrest, [p]etitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha*, 2026 WL 2806733, at *2; *see also Par v. Jamison*, No. 26–cv–03504, 2026 WL 1603299, *3–4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26–cv–01235, 2026 WL 446408, * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

11. Accordingly, petitioner is not entitled to release based on the alleged warrantless arrest.

12. "Petitioner's Fourth Amendment argument also does not warrant 'the remedy [p]etitioner requests: release from detention. [T]he remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody.'" *Noori v. Soto*, No. 26–cv–00951, 2026 WL 631642, *2 (D.N.J. Mar. 5, 2026) (second alteration in original) (quoting *Valenzuela v. Semaia*, No. 5:25–cv–2853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025)); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984); *Rodrigues De Oliveira v. Joyce*, No. 2:25-cv-00291, 2025 WL 1826118, *5 (D. Me. July 2, 2025) ("Thus, even if [p]etitioner's initial arrest was unlawful, her detention pending removal may stand.")[1]

---

[1] "Arguably this Court lacks jurisdiction over the Fourth Amendment claim pursuant to 8 U.S.C. § 1252(b)(9) because [p]etitioner can raise his illegal arrest claim in a petition for review in the appropriate court of appeals, if necessary." *Noori*, 2026 WL 631642, *2 n.3 (citing *Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026)); *see also Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

13. "Although "the legality of [petitioner's] initial arrest may be at issue in his removal proceedings, it does not provide this Court a basis for concluding that his current detention violates the [Immigration and National Act] or the Constitution." *Suraj Suraj v. Bondi*, No. 2:25–cv–02699, 2026 WL 507682, *3 (W.D. Wash. Feb. 24, 2026).

Accordingly,

**IT IS** on this **22nd** day of **October 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**